IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAXIMINO CASTRO, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 07-4958 (JBS/KMW) |
| v. | |
| ALBERT C. WAGNER YOUTH CORRECTIONAL FACILITY and J. KLINE, S.C.O., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

    This case, in which Plaintiff Maximino Castro alleges he was beaten by corrections officers at New Jersey's Albert C. Wagner Correctional Facility in July, 2007, in violation of his Eighth Amendment right to be free from the excessive use of force, is before the Court upon Plaintiff Castro's motion to file an amended complaint pursuant to Rule 15(a), Fed. R. Civ. P. [Docket Item 19].

    In his original Complaint, filed October 11, 2007, Castro alleged that Corrections Officer J. Kline and others beat him and maced him without just cause resulting in his hospitalization. This case was initially terminated because Plaintiff had failed to submit a completed application to file his case in forma pauperis, without prejudice to reopening. See Order filed October 29, 2007 [Docket Item 2]. Upon receipt of Plaintiff's filing fee, the case was reopened and prescreened as a prisoner

case under 28 U.S.C. § 1915.  Order Reopening Case, filed December 7, 2007 [Docket Item 3].  While the Court dismissed the complaint as to Defendant Albert C. Wagner Youth Correctional Facility, the Court also permitted the case to proceed against Defendant J. Kline.  [Id.]

Plaintiff has had difficulty serving Defendant Kline. Initially, he failed to return a completed USM-285 Form to the Marshal to serve Kline, and the summons was returned unexecuted on July 8, 2008.  [Docket Item 5.]  Subsequently, the Court determined that Castro's failure to serve Kline was excusable, since Castro had been transferred to other prisons on several occasions and did not receive the necessary forms because he failed to apprise the Court of his new address.  On January 21, 2009, the Court wrote to Mr. Castro asking for an explanation for his failure to cooperate with the Marshal in serving the Complaint, which was returned as undeliverable.  [Docket Items 8 & 9.]  Eventually Mr. Castro communicated further about service of process and his desire to pursue the case [Docket Items 11 & 12], and on April 8, 2009, the Court ordered that the Clerk issue a second ("alias") summons so that Kline could finally be served, and the Court extended the time for serving Kline until May 8, 2009.  See Order filed April 8, 2009 [Docket Item 13].

The Marshal served the summons on May 5, 2009, as indicated by the Return, filed May 8, 2009.  [Docket Item 17.]  For reasons

unknown, however, Mr. Castro had directed the Marshal on the USM-285 Form, to serve Kline at the U.S. Attorney's Office in Camden, New Jersey.  See Process Receipt and Return [Docket Item 17]. Defendant Kline is not a federal employee – he is allegedly a corrections officer employed by the State of New Jersey at the Albert C. Wagner Youth Correctional Facility in Bordentown, New Jersey.  He should have been served personally, or through a duly authorized person at that Facility, which has nothing to do with the U.S. Attorney's Office.  In fact, the U.S. Attorney's Office responded, through letter of AUSA Paul Blaine dated May 6, 2009, that the U.S. Attorney's Office has no interest in this action and no basis for representing Kline, since Kline is an employee of the New Jersey Department of Corrections.  [AUSA Blaine's letter is undocketed, since the United States is not a party and is entering no appearance; AUSA Blaine sent a copy of same to Mr. Castro, see Letter from Plaintiff filed May 20, 2009 at Docket Item 19-2].  Accordingly, it appears that defendant J. Kline has still not been served despite several attempts to do so.

On May 20, 2009, Mr. Castro filed the present motion to amend, accompanied by a proposed Amended Complaint.  [Docket Item 19].  The Amended Complaint seeks to add new Defendants, namely Corrections Officers Betty Harris, George W. Hayman, Charles Ellis, and fictitious Jane & John Doe's.  The Amended Complaint alleges that these officers, together with Defendant Kline, used

physical force against Plaintiff without need or provocation, or
the officers failed to intervene to prevent use of excessive
force, during the course of the alleged beating and macing at
Albert C. Wagner on July 18, 2007.  Plaintiff again alleges that
the beating was severe and unprovoked, that there were boot marks
on his back, that he was kicked and maced until he was
unconscious, and that he was taken to the hospital where he
encountered $3,600 in medical bills and has a scar on his face.

Under Rule 15(a)(1) & (2), Fed. R. Civ. P., a Plaintiff may
amend his complaint one time without leave of court before a
responsive pleading is filed, and thereafter the Plaintiff must
seek leave to amend, which shall be freely granted if justice so
requires.

The Court finds that the proposed amendment would not be
futile, and that this motion should be granted.  The Court has
jurisdiction of the subject matter pursuant to 28 U.S.C. §§ 1331
and 1343.  It is clear that the proposed Amended Complaint, read
in conjunction with the original Complaint,[1] states a claim
arising under 42 U.S.C. § 1983 for excessive use of force upon a
prisoner, and for bystander liability for failure to stop the

---

[1]  The proposed Amended Complaint implicitly incorporates
the allegations of the original Complaint, since the Amended
Complaint uses numbered paragraphs that pick up where the initial
Complaint left off.  Given Plaintiff's pro se status, the
"Amended Complaint" will be deemed to consist of both the
Complaint and the proposed Amended Complaint.

beating, in violation of the Eighth Amendment.  <u>See</u> <u>Hope v.</u>
<u>Pelzer</u>, 536 U.S. 730 (2002); <u>Hudson v. McMillan</u>, 503 U.S. 1
(1992); <u>Brooks v. Kyler</u>, 204 F.3d 102, 104 (3d Cir. 2000); <u>Smith</u>
<u>v. Mensinger</u>, 293 F.3d 640, 650-51 (3d Cir. 2002) (failure to
intervene); <u>Garbacik v. Janson</u>, 111 F. App'x. 91, 94 (3d Cir.
2004) (duty to intervene was clearly established as
constitutional right before 1997); <u>Abrahante v. Johnson</u>, --- F.
Supp. 2d ----, Civ. No. 07-5701 (D.N.J., filed July 13, 2009) at
26-29 (same, collecting cases).  Further, Plaintiff is entitled
to all favorable inferences at this stage of the litigation, and
is entitled to a liberal reading of his <u>pro</u> <u>se</u> pleadings.

The Court, in granting this motion, takes no position on the
merits, if any, of the underlying claims.

The motion to amend will be granted and the accompanying
Order will be entered.[2]


<u>**July 22, 2009**</u>                    <u>s/ Jerome B. Simandle</u>
Date                                JEROME B. SIMANDLE
                                    United States District Judge

---

[2]  Plaintiff also filed a motion to compel discovery on
April 13, 2009 [Docket Item 15] which will be dismissed as
premature.  First, discovery is obtainable from a party in the
case, but cannot be undertaken before the party is served with
process, which has not occurred.  Second, a party filing a motion
to compel discovery must first have actually served a discovery
request upon the adverse party; if that party fails to adequately
respond to discovery, and after the litigants have conferred
about that failure without resolving the discovery dispute, only
then can a motion be made to seek a court order compelling
discovery under Rule 37, Fed. R. Civ. P., and Local Civil Rule
37.1 (D.N.J.).