```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MAXIMINO CASTRO, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 07-4958 (JBS/KMW) |
| v. | |
| ALBERT C. WAGNER YOUTH CORRECTIONAL FACILITY, et. al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE, District Judge**:

This case involving the alleged unprovoked assault of a prisoner is before the Court upon Defendants' motion to dismiss and for summary judgment in lieu of an answer [Docket Item 37]. The Court finds as follows:

1. Plaintiff, a prisoner proceeding without an attorney, was formerly an inmate at the Albert C. Wagner Youth Correctional Facility. His Complaint alleges that Defendant Kline, a corrections officer, extensively beat him with a baton. (Am. Compl. ¶¶ 3, 5.) Plaintiff brings this suit against three state officials — George W. Hayman, Betty Harris, and Charles Ellis — as well as the corrections officer, Mr. Kline. He claims these Defendants violated his Eighth Amendment rights giving him a cause of action under 42 U.S.C. § 1983, and that the assault also constituted a state law tort.

2. Summary judgment is appropriate when the materials of

record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment will not be denied based on mere allegations or denials in the pleadings; instead, some evidence must be produced to support a material fact. United States v. Premises Known as 717 S. Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993). However, the court will view any evidence in favor of the nonmoving party and extend any reasonable favorable inferences to be drawn from that evidence to that party. Hunt v. Cromartie, 526 U.S. 541, 552 (1999). Where the nonmoving party bears the burden of persuasion at trial, the moving party may be entitled to summary judgment merely by observing that there is an absence of evidence to support an essential element of the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

    3. Plaintiff did not respond to Defendants' Statement of Material Facts not in Dispute. Pursuant to Local Civil Rule 56.1(a), the movants' facts that are duly cited to the record of evidence are deemed unopposed for purposes of adjudicating the motion. See also, White v. Camden City Bd. of Educ., 251 F. Supp. 2d 1242, 1246 n. 1 (D.N.J. 2003), aff'd, 90 Fed. App'x 437

(3d Cir. 2004) (affirming this consequence of non-response even in the pre-amendment version of the local rule).

    4. Defendants assert Eleventh Amendment immunity with respect to the § 1983 claim. Under the Eleventh Amendment, Plaintiff may not bring damages claims against state officials in their official capacities unless sovereign immunity has been waived or abrogated. Ex Parte Young, 209 U.S. 123 (1908); Cory v. White, 457 U.S. 85, 91 (1982); C.H. ex rel. Z.H. v. Oliva, 226 F.3d 198, 201 (3d Cir. 2000). The federal claims contained in the Complaint must be dismissed as to all Defendants in their official capacities.

    5. All claims against Defendant Ellis will be dismissed because he retired before this event occurred and played no part in it. (Todd Decl. ¶ 3.)

    6. As to the § 1983 claim against Defendants Hayman and Harris in their individual capacities, the claim must be dismissed because it relies on a theory of responsibility based only on supervisory duties that does not apply to § 1983 claims. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). The Complaint does not allege any facts suggesting that these officials were even aware of the conduct at issue. Without some sense of how the supervisory defendants

3

participated through their individual actions, the Complaint must be dismissed as against these defendants.  <u>Id.</u>  To the extent that the Complaint can be read to bring a claim that these Defendants violated the Eighth Amendment by failing to protect Plaintiff from the assault, that claim will be dismissed for the same reasons including a lack of allegations from which an inference of the knowledge of this risk could be imputed to these Defendants.  <u>See</u> <u>Riley v. Jeffes</u>, 777 F.2d 143, 147 (3d Cir. 1985) (discussing the standard for a failure to protect claim).

    7.  As to the § 1983 claim against Officer Kline, the undisputed facts show that when the corrections officers attempted to frisk Plaintiff, Plaintiff pulled away and assumed a fighting position with fists raised.  (Hardrick Decl., Ex. B at DOC10, 11.)  He was then sprayed with a chemical agent, subdued, and handcuffed.  (<u>Id.</u>)  Although the record shows that Plaintiff was moderately injured as a result of the scuffle, including irritated eyes and a bruise on his jaw, in the context, the fact of these injuries alone is not sufficient to warrant an inference that force was not "applied in a good-faith effort to maintain or restore discipline," or was applied "maliciously and sadistically to cause harm."  <u>See</u> <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992) (discussing standard for Eighth Amendment excessive force claim). Plaintiff does not allege that force was used after he was fully subdued, and there are no facts to support such an inference.

The undisputed evidence before the Court in this motion demonstrates that Plaintiff cannot prevail on his excessive force claim against Officer Kline, and summary judgment will be entered in favor of Defendant Kline upon Plaintiff's Eighth Amendment claim under § 1983.

8. Plaintiff's Amended Complaint adds a state law tort claim of battery. (Amended Compl. ¶ 7.) Defendants do not address the claim. However, the Court will dismiss the remaining state law claims for lack of jurisdiction without prejudice. The Court only has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), which provides the Court the option of invoking supplemental jurisdiction over certain state claims when the Court has original jurisdiction over one or more related claims in a complaint. That statute provides that "the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). "In deciding whether to retain jurisdiction over pendent state law claim following dismissal of federal claims, a district court should consider generally accepted principles of judicial economy, convenience, and fairness to litigants." Growth Horizons, Inc. v. Delaware County, Pa., 983 F.2d 1277, 1284 (3d Cir. 1993). Although this case is now nearly three years old, its age is a consequence of Plaintiff's difficulty

5

serving the Defendants.  The motion under consideration in this opinion was made before an answer has been filed, so neither this Court nor the litigants have invested a great deal of time in the case.  Consequently, it is in the interest of judicial economy, convenience, and fairness to the litigants to dismiss the state law claims and permit Plaintiff to bring them, if he so chooses, in state court.

    9.   The accompanying Order will be entered.


**September 22, 2010**            s/ Jerome B. Simandle
Date                            JEROME B. SIMANDLE
                                United States District Judge